**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3117-16T4

MARYANN ZAGLOBA,

    Plaintiff-Appellant,

v.

VISTA GARDENS ASSOCIATES, LLC,

    Defendant-Respondent,

and

L&M WASHERS COMPANY,

    Defendant.

_____

> Argued June 26, 2018 — Decided July 26, 2018
>
> Before Judges Simonelli and Koblitz.
>
> On appeal from Superior Court of New Jersey,
> Law Division, Bergen County, Docket No. L-
> 8737-15.
>
> Peter J. Koulikourdis argued the cause for
> appellant (Koulikourdis and Associates,
> attorneys; Peter J. Koulikourdis and Tina L.
> Naraine, on the brief).
>
> Robert F. Colquhoun, II, argued the cause
> for respondent (Colquhoun and Colquhoun, PA,
> attorneys; Robert F. Colquhoun, II, on the
> brief).

PER CURIAM

Plaintiff Maryann Zagloba appeals from the trial court's March 3, 2017 order granting summary judgment and dismissing her slip-and-fall complaint. Plaintiff injured her back when she slipped on laundry detergent spilled in the mailroom of her apartment building, owned by defendant Vista Gardens Associates LLC (Vista Gardens). Relying on the mode-of-operation doctrine, plaintiff contends that Vista Gardens was liable for the injuries she sustained. In granting summary judgment, Judge John D. O'Dwyer found the mode-of-operation doctrine inapplicable and that plaintiff failed to demonstrate actual or constructive notice of a dangerous condition. Having considered plaintiff's arguments in light of the record and applicable principles of law, we affirm.

The material facts were undisputed. Plaintiff was a tenant in defendant's apartment complex. On Sunday, November 6, 2013, she was in the building's mailroom, carrying her laundry basket and detergent on her way to do laundry, when she slipped on detergent spilled on the floor near the laundry room door. The laundry room is leased to L&M Washers.[1] Tenants entered the laundry room through the mailroom. The building provides coin-operated washers and dryers, but the tenants must supply their own

_____

[1] L&M Washers Company previously prevailed on a summary judgment motion and is not a party to this appeal.

2                                                              A-3117-16T4

detergent. Plaintiff noticed in the past liquids, but not detergent, spilled in the laundry room, but had not previously noticed any spills on the floor in the mailroom.

We review a trial court's grant of summary judgment de novo, employing the same standard used by the trial court. Henry v. N.J. Dep't of Human Servs., 204 N.J. 320, 330 (2010). Pursuant to that standard, the trial court shall grant summary judgment if the evidence "show[s] that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c); see also Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 528-29 (1995).

In order to sustain her negligence claim, plaintiff had the burden to demonstrate four elements: "(1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages." Townsend v. Pierre, 221 N.J. 36, 51 (2015) (quoting Polzo v. Cty. of Essex, 196 N.J. 569, 584 (2008)). "A landlord of a multiple-family dwelling has the duty to maintain all parts of the structure and equipment in good repair . . . ." Dwyer v. Skyline Apts., Inc., 123 N.J. Super. 48, 51 (App. Div.), aff'd o.b., 63 N.J. 577 (1973). The landlord provides "an implied warranty of habitability." Trentacost v. Brussel, 82 N.J. 214, 226 (1980). "[L]andlords and business owners should be liable for foreseeable

injuries that occur on their premises." Kuzmicz v. Ivy Hill Park Apts., 147 N.J. 510, 517 (1997).

Vista Gardens had an affirmative duty "to discover and eliminate dangerous conditions, to maintain the premises in safe condition, and to avoid creating conditions that would render the premises unsafe." Nisivoccia v. Glass Gardens, Inc., 175 N.J. 559, 563 (2003) (citation omitted) (discussing the duty owed by business owners to invitees). In asserting a breach of this duty, plaintiff needed to demonstrate "that the defendant had actual or constructive knowledge of the dangerous condition that caused the accident." Prioleau v. Ky. Fried Chicken, Inc., 223 N.J. 245, 257 (2015) (quoting Nisivoccia, 175 N.J. at 563).

The parties' respective burdens change substantially under the mode-of-operation doctrine, which addresses "circumstances in which, as a matter of probability, a dangerous condition is likely to occur as the result of the nature of the business, the property's condition, or a demonstrable pattern of conduct or incidents." Nisivoccia, 175 N.J. at 563; see Prioleau, 223 N.J. at 258. The dangerous condition may arise from customer negligence, the actions of employees, "or the inherent qualities of the merchandise itself." Prioleau, 223 N.J. at 263. When applicable, "the rule gives rise to a rebuttable inference that the defendant is negligent, and obviates the need for the plaintiff

4

to prove actual or constructive notice." Id. at 258. The defendant then has the "obligation to come forward with rebutting proof that it had taken prudent and reasonable steps to avoid the potential hazard." Nisivoccia, 175 N.J. at 563-64.

"[T]he mode-of-operation doctrine has never been expanded beyond the self-service setting, in which customers independently handle merchandise without the assistance of employees or may come into direct contact with product displays, shelving, packaging, and other aspects of the facility that may present a risk." Prioleau, 223 N.J. at 262; see also Walker v. Costco Wholesale Warehouse, 445 N.J. Super. 111, 121 (App. Div. 2016) (recognizing the application of mode-of-operation liability principles to businesses providing goods through "self-service" operations). The Court specifically rejected the idea that the doctrine applied whenever a risk of injury was "inherent in the nature of the defendant's operation." Prioleau, 223 N.J. at 264 n.6 (citation omitted).

Although it was foreseeable that tenants would bring detergent through the mailroom and into the laundry room, tenants could not purchase detergent in the building. We agree with Judge O'Dwyer that in these circumstances the mode-of-operation principles do not apply.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3117-16T4